UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**MARK HANNA**  **CIVIL ACTION**

**VERSUS**

**21-537-JWD-RLB**

**JOHN BEL EDWARDS, ET AL.**

**RULING**

Before the Court is the plaintiff's Motion for Reinstatement of the Case (R. Doc. 14), wherein the plaintiff requests that the Court vacate its Ruling and Judgment (R. Docs. 10 and 11) dismissing his claims without prejudice. "A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). "If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Id.* (citing *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003) ).Here, Plaintiffs' Motion was filed on March 21, 2022, which is less than twenty-eight days after the Court entered its Judgment of March 10, 2022. Accordingly, the Court must analyze Plaintiffs' Motion pursuant to Rule 59.

When a motion for reconsideration "'calls into question the correctness' of the judgment," the Court considers it under Fed. R. Civ. P. 59(e). *Allen v. Envirogreen Landscape Prof'ls, Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)). "Rule 59(e) motions serve 'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Templet*, 367 F.3d at 479). "'Reconsideration of a judgment after its entry is an extraordinary remedy that should

be used sparingly.'" *Id.* (quoting *Templet*, 367 F.3d at 479). "Accordingly, a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Id.* (quoting *Templet*, 367 F.3d at 479).

Courts have considerable discretion in deciding whether to grant such a motion. *Edward H. Bohlin Co., Inc. v. The Banning Co., Inc.,* 6 F.3d 350, 355 (5th Cir. 1993). In exercising its discretion, however, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id*. "Because of the interest in finality, motions may only be granted if the movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously." *Robertson-CECO Corp. v. Lab Project Resource Group, Inc.*, 2006 WL 2224759, *1 (E.D.La. Aug. 2, 2006).

In the instant matter, on or about September 9, 2021, the *pro se* plaintiff, a person confined at the Elayn Hunt Correctional Center, filed a Complaint (R. Doc. 1) alleging a violation of his constitutional rights. The Complaint was not on an approved form and the plaintiff did not pay the Court's filing fee or submit a signed Motion to Proceed *in Forma Pauperis* with a Statement of Account. Pursuant to correspondence dated February 3, 2022 (R. Doc. 6), the Court directed the plaintiff to correct the aforementioned deficiencies within 21 days and advised that failure to do so would result in dismissal of his suit without further notice.

The plaintiff filed an Amended Complaint along with a Motion to Proceed *in Forma Pauperis* but did not submit the required Statement of Account form. This form is necessary for the calculation statutorily required by 28 U.S.C. § 1915. As such, the plaintiff's action was dismissed, without prejudice, for failure to correct the deficiencies of which he was notified.

In his Motion for Reinstatement the plaintiff asserts that the process of filing a Statement of Account form was delayed because the prison provided false calculations for the plaintiff's six-month averages of deposits and balances. The prison refused to correct the document and the plaintiff's balance fell below the amount required to pay an initial partial filing fee. On March 10, 2022, the plaintiff's case was dismissed without prejudice. However, the plaintiff had forwarded the necessary Statement of Account form with correspondence dated March 7, 2022, but the correspondence was not docketed until March 16, 2022. By this time the plaintiff's case had been dismissed. Not yet knowing of the dismissal, the plaintiff then had an initial partial filing fee payment, as calculated by him, forwarded to the Clerk of Court.

The Court finds that, when it considers the particular facts presented by Plaintiff in his Motion, it would be manifestly erroneous to uphold its prior Ruling in this instance. Therefore, in order to render a just decision based on all of the facts in this case, the Court shall grant the Plaintiff's Motion for Reinstatement. Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion for Reinstatement (R. Doc. 14) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's March 10, 2022 Ruling (R. Doc. 10) and Judgment (R. Doc. 11) are hereby **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the plaintiff's Statement of Account form (R. Doc. 13-1) into the record as a separate document.

**IT IS FURTHER ORDERED** that this matter is referred back to the Magistrate Judge for consideration of the plaintiff's pauper motion (R. Doc. 8), and further proceedings herein.

Signed in Baton Rouge, Louisiana, on <u>August 5, 2022</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**