## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK HANNA (#132872)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **21-537-JWD-RLB** |
| **JOHN BEL EDWARDS, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 22, 2023.

_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK HANNA (#132872)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **21-537-JWD-RLB** |
| **JOHN BEL EDWARDS, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate currently confined at the Rayburn Correctional Center, Angie, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against 45 defendants complaining that his constitutional rights were violated in numerous ways while housed at the Elayn Hunt Correctional Center. Plaintiff requests monetary, declaratory, and injunctive relief.

Plaintiff's Complaint is what is often referred to by the courts as an "everything but the kitchen sink" complaint asserting claims of alleged constitutional violations in different facets of his prison life, occurring at various times, and against various and oft unrelated sets of defendants. A "kitchen-sink" complaint inappropriately "brings every conceivable claim against every conceivable defendant." *Gurman v. Metro. Hous. & Redev. Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011).

Plaintiff has combined approximately 18 claims, against 45 defendants, that are factually unrelated. Federal courts are called to be wary of prisoners who attempt to combine unrelated claims into one suit as this practice strikes at the heart of the Prison Litigation Reform Act of 1996 ("PLRA"), which makes prisoners ultimately accountable for filing fees in every case, even pauper cases. Because of the PLRA's fee payment schedule, inmates often attempt to include numerous claims and defendants in one complaint to avoid owing multiple filing fees. However, it is because of the PLRA's fee schedule that the courts are insistent that "[u]nrelated claims

against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Indeed, the Fifth Circuit discourages the compiling of unrelated claims by prisoners, noting that the court "doubt[s] that Congress intended that § 1915(g) could be so facilely circumvented by the creative joinder of actions." *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998); *Bonner v. Bosworth*, No. 10-CV-2150, 2010 WL 11534476, at *1-2 (N.D. Tex. Nov. 30, 2010) ("Requiring parties to assert unrelated claims against different defendants in separate complaints avoids unduly cumbersome litigation, and in the context of prisoner litigation, ensures that prisoners pay the required filing fees under the Prison Litigation Reform Act."); *Bangmon v. Lance*, No. 17-CV-138, 2018 WL 496956, at *2 (S.D. Tex. Jan. 22, 2018) ("The Fifth Circuit has discouraged the 'creative joinder of actions' by prisoners attempting to circumvent the fee-payment and three-strikes provisions of the Prison Litigation Reform Act.") (citing *Patton*, 136 F.3d at 464).

In addition, courts have held that combining multiple lawsuits into one, as plaintiff has done, is violative of the federal rules. *See Bangmon*, 2018 WL 496956, at *2 ("An attempt to file multiple lawsuits in one complaint violates Federal Rules of Civil Procedure 18 and 20, which set out the limits on joinder of claims and parties."). Accordingly, the court must remedy the plaintiff's improper joinder of unrelated claims in this civil action.

The first claim asserted by the plaintiff in his initial complaint (R. Doc. 1 at 9) pertains to being temporarily housed, on one or more occasions, in an area meant for inmates on suicide watch due to an alleged lack of space. During these times the plaintiff was not on suicide watch. Plaintiff alleges that while being housed on this tier suicide watch precautions were implemented, including but not limited to, clothing being taken and only a thin mattress being provided. Additionally, the plaintiff was denied access to the courts and suffered unconstitutional

conditions of confinement on the tier. Plaintiff alleges that he was housed on the suicide watch tier as a form of punishment. The remainder of the plaintiff's claims are unrelated and should be stricken. Plaintiff may, if he so chooses, pursue these other claims in separate suits filed in accordance with the Federal Rules of Civil Procedure and pay the required filing fees under the Prison Litigation Reform Act for each suit.

Additionally, the plaintiff should be required to file an amended and superseding complaint herein limited to the single claim of being housed on suicide watch as described above. The amended complaint should name as defendants only those persons alleged to have some form of involvement in this claim and should state facts as to each defendants' personal involvement, i.e., stating what actions or inactions on the part of each defendant caused the alleged violation.

Turning to the plaintiff's Amended Complaint and Second Amended Complaint (R. Docs. 2 and 4), these pleadings largely pertain to events occurring after the filing of the plaintiff's original complaint. As such, these claims could not have been exhausted prior to filing suit as mandated by 42 U.S.C. § 1997e. These claims are also improperly joined. Accordingly, the plaintiff's Amended Complaint and Second Amended Complaint should be stricken.

## RECOMMENDATION

It is recommended that the plaintiff's claims, with the exception of the plaintiff's claim pertaining to being housed on a suicide watch tier, be stricken. It is further recommended that the plaintiff be ordered to file an amended and superseding complaint, within 30 days of the date of the order, limited to the single remaining claim, naming as defendants only those persons alleged to have some form of involvement in the claim, and stating what actions or inactions on the part of each named defendant caused the alleged violation(s). It is further recommended that the

plaintiff's Amended Complaint and Second Amended Complaint (R. Docs. 2 and 4) be stricken. It is further recommended that the plaintiff's pending Motion to Amend (R. Doc. 21), seeking to add additional unrelated and unexhausted claims, be denied, and that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on June 22, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**