# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MARK HANNA (#132872)**                      **CIVIL ACTION**

**VERSUS**

                                                    **21-537-JWD-RLB**

**JOHN BEL EDWARDS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 1, 2024.

                                                 **RICHARD L. BOURGEOIS, JR.**
                                                 **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARK HANNA (#132872)**                                    **CIVIL ACTION**

**VERSUS**

                                                             **21-537-JWD-RLB**

**JOHN BEL EDWARDS, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On July 14, 2023, the plaintiff was ordered to file an amended and superseding complaint pertaining to being housed on a suicide watch tier, naming therein only those defendants alleged to have some form of involvement, and stating what actions or inactions on the part of each named defendant caused the alleged violation(s). *See* R. Doc. 29. A review of the record revealed that the plaintiff failed to comply with this Court's Order. On February 28, 2024, the plaintiff was ordered to show cause, within 21 days of the date of the Order, why his action should not be dismissed for his failure to comply. *See* R. Doc. 30. On or about March 27, 2024, the plaintiff filed a Response (R. Doc. 31).

In his Response, the plaintiff reiterates his objections to the Magistrate Judge's Report and Recommendation (R. Doc. 24) and Order denying his Motion for Provision of Status and Docket Report (R. Doc. 25). These objections have already been considered by the District Judge. *See* R. Docs. 28 and 29.

As to why the plaintiff has failed to file an amended and superseding complaint as ordered, the plaintiff first asserts that none of the prisons where he has been housed will provide him with carbon paper. However, carbon paper is now rarely, if ever, used for pleadings due to the use of photocopiers. The plaintiff asserts that while housed at Hunt he was not provided with a way to receive photocopies of his pleadings, and that upon transfer to Rayburn he did not trust

the copying process in place. Due to the inability to make a copy of his pleading, the plaintiff alleges he does not have a copy of his initial complaint but that he has rough drafts of the same. The plaintiff also asserts that he has been unable to get assistance from a friend, and that this Court has wrongfully denied him a free copy of the docket sheet. Plaintiff further asserts that the Magistrate Judge's failure to reiterate his numerous claims has prohibited him from having a copy of his claims.

As noted by the Court in *Bond v. Collier*, 2022 WL 223376361, (N.D. Tx. Jan. 13, 2022), "Inmates are generally responsible for retaining their own copies of Court-filed documents, *e.g.*, by handwriting duplicates of each document they submit to the Court." Additionally, the Fifth Circuit has recently affirmed denial of a *pro se* inmate's motion requesting a copy of his complaint free of charge where the plaintiff failed to offer evidence to indicate he was unable to bear the cost for a copy of his pleadings. *See Stilley v. Garland*, No. 21-60022, 2022 WL 1568363, *4 (5th Cir. May 18, 2022). Furthermore, as noted by the Court in *Parker v. Ritter,* 2009 WL 243186 (D. Colo. Feb. 2, 2009) when denying a *pro se* inmate's motion seeking access to photocopies, "The Court reminds Plaintiff that he is a voluntary litigant in a federal lawsuit. He chose to bring this action *pro se* knowing the limitations that he would face given his status of incarceration and lack of funds. A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine or stamps. *Harrell v. Keohane,* 621 F.2d 1059, 1061 (10th Cir.1980); *see Twyman v. Crisp,* 584 F.2d 352, 359 (10th Cir.1978)."

In the instant matter, the plaintiff has not shown that he was unable to handwrite a duplicate of his original Complaint or provided evidence that he cannot bear the cost for a copy of his pleading. Nor has the plaintiff sufficiently explained why he cannot use the rough drafts he has available to him to construct his amended and superseding complaint as ordered.

Additionally, the plaintiff's Response indicates that even if he were to be provided with a copy of his original Complaint as a onetime courtesy, that he would not comply with this Court's Order to limit his amended and superseding complaint to being housed on a suicide watch tier, naming therein only those defendants alleged to have some form of involvement, and stating what actions or inactions on the part of each named defendant caused the alleged violation(s). The bulk of the plaintiff's Response details the plaintiff's disagreement with this Court's Rulings and argument that the plaintiff has numerous claims, including claims not exhausted until after the filing of his initial Complaint, that are proper to join with his claim for being housed on a suicide watch tier. As such, the plaintiff appears to indicate that he will not comply with this Court's Order.

## RECOMMENDATION

It is recommended that this action be dismissed, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41, for failure to comply with this Court's order and to prosecute this action.

Signed in Baton Rouge, Louisiana, on May 1, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**