UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARK HANNA (#132872)**                          **CIVIL ACTION**

**VERSUS**

                                                  **21-537-JWD-RLB**

**JOHN BEL EDWARDS, ET AL.**

## RULING

Before the Court is the plaintiff's Motion for Reconsideration (R. Doc. 42) wherein the plaintiff asserts that the Court should reconsider its Judgment (R. Doc. 35) dismissing the plaintiff's claims for failure to comply with the Court's orders and to prosecute this action.

### Procedural History

The plaintiff filed this proceeding against 45 defendants complaining that his constitutional rights were violated in numerous ways while housed at the Elayn Hunt Correctional Center. On June 22, 2034, the Magistrate Judge issued a Report and Recommendation recommending that the plaintiff's claims, except for the plaintiff's claim pertaining to being housed on a suicide watch tier, be stricken and that the plaintiff be ordered to file an amended and superseding complaint limited to the aforementioned claim. The Magistrate Judge noted that the plaintiff's approximately 18 claims were factually unrelated, and stated which claims were related to the plaintiff's claim of being housed on a suicide watch tier. *See* R. Doc. 24.

On July 12, 2023, the plaintiff filed an Objection asserting that his claims were properly joined. *See* R. Doc. 27. On July 14, 2024, the District Judge adopted the Report and Recommendation, and the plaintiff was ordered to file an amended and superseding Complaint within 30 days. *See* R. Doc. 29. The plaintiff failed to file an amended Complaint as ordered, and

several months later, on February 28, 2024, the Magistrate Judge issued an Order for the plaintiff to show cause why his action should not be dismissed for failure to comply with the Court's Order (R. Doc. 29).

On March 27, 2024, the plaintiff filed a Response. In his Response, the plaintiff primarily reiterated his objections to the Magistrate Judge's Report and Recommendation (R. Doc. 24) and Order denying his Motion for Provision of Status and Docket Report (R. Doc. 25). The plaintiff also asserted that he could not file an amended Complaint as ordered because the prison would not provide him with carbon paper or photocopies, and that he did not trust the photocopying process at another facility. Additionally, the plaintiff was unable to receive assistance from a friend and cited the Magistrate Judge's failure to reiterate the plaintiff's numerous claims. The Magistrate Judge recommended that the plaintiff's claims be dismissed, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41, for failure to comply with this Court's Order and to prosecute this action. *See* R. Doc. 32.

On May 22, 2024, the plaintiff failed an Objection wherein he continued to assert that his claims were properly joined. On May 29, 2024, the District Judge issued an Opinion (R. Doc. 34) adopting the Report and Recommendation (R. Doc. 32) and issued a Judgment (R. Doc. 35) dismissing the plaintiff's action for failure to comply with this Court's order and to prosecute this action. The plaintiff was later allowed to supplement his Objection which was filed on June 27, 2024. The supplemental objection was a listing of numerical averments that the plaintiff asserted were related to what he proposed as Case 1 and Case 2.

On July 8, 2024, the plaintiff filed the instant Motion for Reconsideration (R. Doc. 42) and a Motion for Leave to Amend (R. Doc. 41), which requests to add some missing pages to his Motion for Reconsideration.

## Rule 59

When a motion for reconsideration " 'calls into question the correctness' of the judgment," the Court considers it under Fed. R. Civ. P. 59(e). *Allen v. Envirogreen Landscape Prof'ls, Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)). "Rule 59(e) motions serve 'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' " *Id.* (quoting *Templet*, 367 F.3d at 479). " 'Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.' " *Id.* (quoting *Templet*, 367 F.3d at 479). "Accordingly, a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.' " *Id.* (quoting *Templet*, 367 F.3d at 479).

Courts have considerable discretion in deciding whether to grant such a motion. *Edward H. Bohlin Co., Inc. v. The Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). In exercising its discretion, however, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.* "Because of the interest in finality, motions may only be granted if the movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously." *Robertson-CECO Corp. v. Lab Project Resource Group, Inc.*, 2006 WL 2224759, *1 (E.D. La. Aug. 2, 2006).

In the instant matter, the plaintiff asserts that the Magistrate Judge's instructions to file an amending and superseding Complaint were unclear and that he has brought this to the attention of the Court several times. The plaintiff further asserts that his initial Complaint was difficult to follow due to its "protracted scope and chronologic intermittently-sequenced and segmented

formatting." Therefore, the plaintiff has now provided the Court with a guide to his Complaint wherein he details 13 claims which he deems are related to being housed on a suicide watch tier ("Case 1") and 11 claims which he states are not transactionally related or joinable by a common defendant ("Case 2").

## Joinder

The plaintiff has not shown a manifest error of fact or law. Rule 18 of the Federal Rules of Civil Procedure is a broad joinder rule that allows parties to "join as many claims as it has against an opposing party." The official commentary of Rule 18 states, "it is emphasized that amended Rule 18(a) deals only with pleading," and "a claim properly joined as a matter of pleading need not be proceeded with together with the other claims if fairness or convenience justifies separate treatment." *See* Federal Rule of Civil Procedure 18: Notes of Advisory Committee of Rule—1966 Amendment.

Rule 20 permits joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and "any question of law or fact common to all defendants will arise in the action." Further, under Rules 18(a) and 20, if the claims arise out of the different transactions and do not involve all defendants, joinder should not be allowed. *See Shafer v. Davis*, No. 2:20-CV-167, 2020 WL 6489094, at *5 (S.D. Tex. Nov. 4, 2020), citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).

In other words, in a multiparty case, if claim one is against five defendants and claim two is against only one of those defendants, joinder should not be allowed, unless all claims arose out of the same transaction and present common questions; if the claims arise from different

transactions and do not involve all defendants, joinder should not be allowed. *See* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).

In the instant matter, the plaintiff's Motion makes it clear that the plaintiff's claims are not properly joined. The plaintiff does not assert that that all 13 claims he proposes to join as "Case 1" are all asserted against all defendants, or that all these claims arose out of the same transaction and present common questions. Likewise for the 11 claims he proposes to join as "Case 2."

It is also clear that the plaintiff still does not intend to comply with this Court's Order to limit his amended and superseding complaint to being housed on a suicide watch tier, naming therein only those defendants alleged to have some form of involvement, and stating what actions or inactions on the part of each named defendant caused the alleged violation(s). Instead, the plaintiff rehashes his earlier arguments and legal theories. As such, the plaintiff has not shown a mistake of law or fact that would merit relief under Rule 59. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Leave to Amend (R. Doc. 41) is **GRANTED**, and the Clerk of Court shall file the proposed pleading (R. Doc. 41-1) into the record as supplement to the plaintiff's Motion for Reconsideration (R. Doc. 42).

**IT IS FURTHER ORDERED** that the plaintiff's Motion for Reconsideration (R. Doc. 42) is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 7, 2024.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**